# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Action No. 10-112-4 (JDB) |
| DAMIEN SMALL, | |
| Defendant. | |

## MEMORANDUM OPINION

Damien Small's motion pursuant to 28 U.S.C. § 2255 challenges his designation as a career offender under the residual clause of § 4B1.2 in the 2010 U.S. Sentencing Guidelines Manual ("U.S.S.G."). Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Defs.' Mot.") [ECF No. 93]; Suppl. Mot. to Vacate J. under 28 U.S.C. § 2255 ("Suppl. Mot.") [ECF No. 105]. Small's career offender enhancement was based in part on a prior conviction for D.C. attempted robbery, which Small asserts is not a qualifying offense for designation as a career offender because it is not a "crime of violence" under that provision. For the reasons that follow, Small's motion must be dismissed as untimely under 28 U.S.C. § 2255(f).

## BACKGROUND

Small served as a getaway car driver in a 2010 bank robbery. Suppl. Mot. at 5. Small was sentenced to 108 months' incarceration for bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a) and 2. J. in a Crim. Case [ECF No. 65] at 1–2.

Small was sentenced as a career offender under the 2010 U.S. Sentencing Guidelines. Suppl. Mot. at 2. The career offender provision of the U.S. Sentencing Guidelines directs a sentencing court to increase the base offense level of a defendant convicted of a felony crime of

violence or controlled substance offense if the court finds that the defendant has two or more prior felony convictions for crimes of violence, controlled substance offenses, or a combination of both. U.S.S.G. § 4B1.1(a) (U.S. Sentencing Comm'n 2010). At the time of Small's sentencing, a prior offense qualified as a crime of violence if it:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "force clause"], or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [the "enumerated offense clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"].

Id. § 4B1.2(a).[1] Small's challenge here focuses on the application of the provision's residual clause.

Small's career offender enhancement was based on two prior convictions: a 1999 Maryland robbery and a 1999 District of Columbia attempted robbery. Suppl. Mot. at 6. Designation as a career offender under the career offender provision's residual clause raised Small's offense level from 21 to 29[2] and his criminal history category from IV to VI. As a result, Small's advisory guidelines range increased from 46–57 months to 151–188 months. Suppl. Mot. at 2. With respect to the two offenses that qualified Small as a career offender, the Court noted at sentencing that these offenses were essentially "determinative with respect to sentencing" because they made him "a career offender under the sentencing guidelines, which has a huge impact in this case." Tr. of Sentencing [ECF No. 94] at 26:8–18. Nevertheless, the Court varied downwards to 108 months based on its conclusion that although a substantial period of incarceration was warranted, the

---

[1] To qualify for the career offender enhancement, the prior offenses also must have been punishable by a term of imprisonment exceeding one year, and the defendant must have committed the instant offense after attaining the age of 18. Id. § 4B1.1(a).

[2] Small's base offense level without the career offender provision would have been 20, plus a two-level increase for targeting a financial institution, another two-level increase for threats of death made by his co-defendant during the bank robbery, minus three levels for acceptance of responsibility. With the career offender enhancement, Small's base offense level became 32, minus the three levels for acceptance of responsibility.

2

Guidelines calculation overstated the significance of Small's criminal history (and, as a consequence, his career offender status). See id. at 30:5–19 (noting that the recommended sentence of "151 months or more would be more than is necessary to satisfy the various criminal justice interests reflected in § 3553(a)" but that a "sentence down in the 60-month range" would "ignor[e] the career offender provisions").

In the years following Small's conviction and sentencing, the residual clause of the career offender guideline has been challenged and discredited—but not invalidated. In 2015, the Supreme Court examined an identically worded residual clause in the career offender provision of the Armed Career Criminal Act (the "ACCA") and concluded that the residual clause in that statute was unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551 (2015).[3] Shortly thereafter, the U.S. Sentencing Commission made the decision "as a matter of policy" to remove the residual clause from the Guidelines, explaining that "the residual clause . . . implicates many of the same concerns cited by the Supreme Court in Johnson." U.S.S.G., Suppl. to App. C, amend. 798 at 121 (U.S. Sentencing Comm'n 2018).

But in March 2017, the Supreme Court issued its opinion in Beckles v. United States, in which it declined to extend its reasoning in Johnson to the residual clause of the career offender guideline, observing that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," and hence holding that the residual clause of the career offender guideline was not void for vagueness. 137 S. Ct. 886, 890, 894–95 (2017). Beckles left Small and many others who had received enhanced sentences under the Guidelines' residual clause in limbo. The precise language used in the residual clause of the career offender guideline had been held in

---

[3] In the years that followed, the Supreme Court has examined other, similarly worded residual clauses in other statutory contexts and concluded that they, too, were unconstitutionally vague. Sessions v. Dimaya, 138 S. Ct. 1204, 1223 (2018); United States v. Davis, No. 18-431, 2019 WL 2570623, at *13 (U.S. June 24, 2019).

3

Johnson to be "so shapeless a provision" that it was a "failed enterprise" for a court "to derive meaning" from it. Johnson, 135 S. Ct. at 2560 (discussing identical language in ACCA residual clause). Nevertheless, the Supreme Court in Beckles scrutinized the advisory Guidelines' residual clause and upheld its constitutionality, at least as to the challenge on vagueness grounds, because of the discretion built into the advisory Guidelines regime. Beckles, 137 S. Ct. at 894–95. As the law stands today, courts are unclear as to how to interpret the language of this residual clause, but the residual clause of the career offender guideline is not void for vagueness.

Notwithstanding the holding in Beckles, Small elected to proceed with his § 2255 motion. The government has opposed. United States' Opp'n to Def.'s Mot. and Suppl. Mot. ("Opp'n") [ECF No. 113]. In the meantime, Small completed his term of imprisonment on May 7, 2019, and began serving a term of supervised release. The Court heard argument on the § 2255 motion on May 17, 2019, and both sides filed supplemental briefs shortly thereafter. United States' Post-Hr'g Suppl. to Opp'n [ECF No. 135]; Post-Hr'g Mem. in Supp. of Def.'s Mot. & Suppl. Mot. [ECF No. 136]. The Court has carefully considered the positions and filings of all parties, and this case is now ripe for resolution.

## **LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") authorizes federal prisoners to move to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner's ability to bring such a motion is subject to a strict one-year time limitation triggered by, as relevant to Small's motion,[4] either "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was

---

[4] Small has neither identified any impediment to making a motion caused by governmental action, see id. § 2255(f)(2), nor any newly discovered facts supporting his claim, see § 2255(f)(4).

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. § 2255(f)(1), (3).

## DISCUSSION

Small may have been miscategorized as a career offender.[5] However, his motion is untimely, and the untimeliness of the motion ultimately bars relief.[6]

The parties agree that Small's motion is untimely under § 2255(f)(1) because it was filed more than one year after Small's conviction became final.[7] Small primarily argues that his motion is timely because he asserts a right "initially recognized by the Supreme Court" in Johnson, which was made retroactively applicable to cases on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016). Suppl. Mot. at 40–45 (quoting 28 U.S.C. § 2255(f)(3)). More specifically, Small asserts that Johnson recognized "the right not to serve a sentence increased because of the residual clause." Id. at 41. The government responds that Small's motion is not timely under Johnson because "Johnson did not address the guidelines" and thus "did not recognize the right that defendant now asserts." Opp'n at 6.

---

[5] Small's career offender enhancement was based in part on a prior conviction for D.C. attempted robbery. It is undisputed that Small would not have the requisite prior offenses to qualify as a career offender unless D.C. attempted robbery qualifies as a crime of violence under the residual clause. See Tr. of Mot. Hr'g [ECF No. 133] at 17:12–17, 25:24–27:20; see also United States v. Sheffield, 832 F.3d 296, 315 (D.C. Cir. 2016); Stokeling v. United States, 139 S. Ct. 544, 552 (2019). But there is significant doubt about whether the D.C. attempted robbery offense falls within the residual clause. Notwithstanding the government's contention that "the residual clause could properly have been applied under the guidelines," Tr. of Mot. Hr'g at 27:19–20, it is uncertain how, after Johnson, a court would undertake the "failed enterprise" of "trying to derive meaning" from its text. Johnson, 135 S. Ct. at 2560 (describing identically worded ACCA residual clause). Hence, it remains unclear whether D.C. attempted robbery "otherwise involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.1(a)(2) (U.S. Sentencing Comm'n 2010), and accordingly whether Small is properly considered a career offender.

[6] The Court expresses no opinion as to whether Small's claims are cognizable on collateral review. See Davis v. United States, 417 U.S. 333 (1974).

[7] Judgment was entered in Small's case on May 12, 2011. J. in a Crim. Case at 1. Small did not appeal. Opp'n at 3. Small's original abridged § 2255 motion was filed on June 21, 2016—several years after the conviction became final. See Defs.' Mot.

5

The Court concludes that Small's motion is indeed untimely under § 2255(f)(3). While "[i]t is undisputed that Johnson announced a new rule," Welch, 136 S. Ct. at 1264, that rule does not apply here. Johnson explicitly held unconstitutional the ACCA residual clause on vagueness grounds. To the extent there was uncertainty about whether Johnson extended to the advisory guidelines, Beckles makes clear that it did not. The Beckles opinion leaves open the possibility that the advisory guidelines might be subject to further "constitutional scrutiny," including scrutiny "under the Due Process clause," 137 S. Ct. at 895–96, but it does not establish any right that would make Small's motion timely. The Court simply cannot conclude that "the right asserted" by Small has been "recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3); see also United States v. Upshur, Crim. No. 10-251 (RBW), 2019 WL 936592, at *5 (D.D.C. Feb. 26, 2019) (concluding that "there exists no basis for this Court to conclude that Johnson even considered" "a right not to be sentenced under the residual clause of the advisory Guidelines," "let alone 'formally acknowledged that right in a definite [enough] way'" to have "recognized" that right (quoting United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017))). Hence, Small's motion is untimely under § 2255(f).

In the alternative, Small argues that, even if the motion is not timely under § 2255(f)(3), the deadline for filing should be equitably tolled. Suppl. Mot. at 45–47. However, equitable tolling does not apply here. Equitable tolling can be applied to § 2255 motions, but only where the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." United States v. McDade, 699 F.3d 499, 504 (D.C. Cir. 2012) (citation omitted). Small asserts that "until Johnson, [he] had no claim challenging his sentence based on the identical, meaningless Guidelines sentencing provision" and that he filed the instant motion "[a]s soon as the claim accrued." Suppl. Mot. at 46. The problem

6

is that, for the reasons noted above, Small did not actually accrue a claim under Johnson. It is true that Johnson raised a question as to the validity of the residual clause in the context of the career offender guideline—but it did not answer that question. To the extent that Small asserts that courts' failure to invalidate the advisory Guidelines' residual clause has "stood in his way," that barrier remains. Hence, Small has not demonstrated exceptional circumstances that would justify equitable tolling.

Small also asserts that the fundamental miscarriage of justice, or "actual innocence," exception should allow him to pursue his claim notwithstanding its untimeliness. Suppl. Mot. at 47–48. But that exception does not apply. The actual innocence "exception is designed to excuse procedural barriers to relief in only a 'narrow class' of 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" United States v. Baxter, 761 F.3d 17, 28 (D.C. Cir. 2014) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted).

The Supreme Court has left open whether the actual innocence exception could ever "extend . . . to procedural default of constitutional claims challenging noncapital sentencing error," Dretke v. Haley, 541 U.S. 386, 393–94 (2004), and the D.C. Circuit has not yet weighed in on the issue, see United States v. Peterson, 916 F. Supp. 2d 102, 106 (D.D.C. 2013). But even the circuit courts that have extended the actual innocence exception to noncapital sentencing errors agree that the actual innocence exception can apply only where a movant claims he or she is factually innocent of the predicate offense—that is, that he or she did not commit that offense—not just that the offense was legally miscategorized. See id. (citing cases); see also, e.g., McKay v. United States, 657 F.3d 1190, 1198–99 (11th Cir. 2011). This makes sense. If errors arising from

7

sentencing guidelines miscalculations could routinely be construed as claims of "actual innocence," the exception would threaten to swallow the rule and the time limitations in §2255(f) would be rendered meaningless. Here, Small claims that he is "innocent of the sentence imposed," but not that he is factually innocent of the underlying offense upon which the sentencing calculation was made. Suppl. Mot. at 47. Hence, even if the actual innocence exception applies to noncapital sentencing error, it would not apply in this case. See Peterson, 916 F. Supp. 2d at 107.

Finally, to the extent that the time limitations in § 2255(f) bar any relief—and neither equitable tolling nor the actual innocence exception apply—Small asserts that § 2255(f) violates the Suspension Clause of the U.S. Constitution. Suppl. Mot. at 48–51.

The Court rejects this argument. "[T]he privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." Boumediene v. Bush, 553 U.S. 723, 779 (2008) (quoting Immigration & Naturalization Serv. v. St. Cyr, 533 U.S. 289, 302 (2001)). The Suspension Clause provides that: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

Over time, a "complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions" has evolved around the writ as part of the "abuse of the writ doctrine." Felker v. Turpin, 518 U.S. 651, 664 (1996). AEDPA channels collateral attacks to sentences and convictions through § 2255 motions instead of applications for writs of habeas corpus, a legal development aimed to address "practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts" while

"affording the same rights in another and more convenient forum." United States v. Hayman, 342 U.S. 205, 219 (1952); 28 U.S.C. § 2255(e). AEDPA also seeks to "advance the finality of criminal convictions" by setting "a tight time line" for collateral review. Mayle v. Felix, 545 U.S. 644, 662 (2005); 28 U.S.C. § 2255(f). These limitations fall within the abuse-of-the-writ doctrine, and such limitations do not amount to a suspension of the writ. See, e.g., Turpin, 518 U.S. at 664 (noting that "added restrictions which [AEDPA] places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a 'suspension' of the writ").

Section 2255 does not alter the remedy available to Small—it simply sets a tight deadline for seeking that remedy. The Supreme Court has made clear that "the substitution of a collateral remedy"—that is, substituting "the Section 2255 procedure" for a writ of habeas corpus—"is neither inadequate nor ineffective to test the legality of a person's detention" and therefore "does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977). And, as the government has argued, even if the remedy provided under § 2255 is somehow "inadequate or ineffective," a writ of habeas corpus remains available under § 2255(e)'s "savings clause." 28 U.S.C. § 2255(e); Opp'n at 16. For all of these reasons, the writ is not suspended by the timeline set in § 2255(f), and the untimeliness of Small's motion does not implicate the Suspension Clause. See Swain, 430 U.S. at 381; Upshur, 2019 WL 936592, at *10.

## **CONCLUSION**

Under the advisory Guidelines, judges exercise broad discretion to craft sentences that serve the ends of justice. But after that sentence becomes final, the reach of this discretion is constrained. Small's motion is untimely under § 2255(f), and hence it must be dismissed.

A separate order will issue on this date.

9

/s/
                                                            JOHN D. BATES
                                                        United States District Judge
Dated: July 22, 2019